ORIGINAL
FILED

AUG 1 8 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STEVEN AMES BROWN**
Entertainment Law 83363
69 Grand View Avenue
San Francisco, California 94114-2741
415/647-7700 Telephone
415/285-3048 Fax

Attorney for plaintiffs

E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

HRL

| | |
|---|---|
| MICHAEL WRIGHT and GUY O'BRIEN,<br><br>Plaintiffs,<br><br>vs.<br><br>RHINO ENTERTAINMENT COMPANY, THE SANCTUARY GROUP, PLC, SUGAR HILL MUSIC PUBLISHING, LTD., JOSEPH ROBINSON, JR.<br><br>Defendants.<br>_______________________________/ | C 06 4998<br>Civil No.<br><br>COMPLAINT;<br>DEMAND FOR JURY |

Plaintiffs allege as follows:

1. Jurisdiction. This action arises under the Lanham Act 15 U.S.C. § 1125 and the laws of the state of California. Jurisdiction is conferred by 28 U.S.C. §§ 1331, 1338, 1367(a), 2201 & 2202.

2. Intradistrict Assignment. This action arises in the San Francisco division because a substantial part of the events or omissions occurred herein.

## FACTS COMMON TO ALL CLAIMS

3. Plaintiff Michael Wright p/k/a Wonder Mike ("Wright") and Plaintiff Guy O'Brien p/k/a Master G ("O'Brien"), have been members of the musical group known as the Sugarhill Gang since its creation.

4. The Sugarhill Gang consisted of Wright, O'Brien and Henry Jackson p/k/a "Big Bang Hank" ("Jackson").

5. The Sugarhill Gang is credited with inaugurating recorded rap music with their recording of the musical composition, *Rapper's Delight*. *Rapper's Delight* was a multi-platinum seller and worldwide hit in the late 1970's and early 1980's. Upon information and belief, the single *Rapper's Delight* sold over 10,000,000 copies worldwide.

6. Through their recording of *Rapper's Delight*, and then their continued recording and performances, plaintiffs have gained widespread recognition as the progenitors of one of the major musical genres – rap or "hip-hop".

7. *Rapper's Delight* consists of vocal performances and background music. Wright wrote the lyrics that he performed under his pseudonym, "Wonder Mike" and O'Brien wrote the lyrics that he performed under his pseudonym, "Master G". Upon information and belief, the lyrics performed by Jackson were written either by either Jackson or Curtis Brown, p/k/a Grand Master Cas. Plaintiffs were not involved in writing (or selecting) the non-lyrical portion of *Rapper's Delight*.

8. Wright has continued to be known as a member of the Sugarhill Gang since 1979. At all such times since 1979, Wright has recorded and performed under his pseudonym "Wonder Mike". At all such times the relevant purchasing public has referred to Wright as "Wonder Mike".

9. O'Brien has continued to be known as a member of the Sugarhill Gang since 1979. At all such times since 1979, O'Brien has recorded and performed under his pseudonym "Master G". At all such times the relevant purchasing public has referred to O'Brien as "Master G".

10. Upon information and belief defendant Rhino Entertainment Company is a corporation organized and existing under the laws of California.

11. Upon information and belief defendant Sanctuary Records Group is a corporation organized and existing under the laws of England.

12. Upon information and belief defendant Sugar Hill Music Publishing, Ltd. is a corporation organized and existing under the laws of the state of New Jersey.

13. Upon information and belief defendant Joseph Robinson Jr., is an individual who is a citizen of New Jersey.

FIRST CLAIM

LANHAM ACT

[JOSEPH ROBINSON, JR.]

14. This cause of action arises under the under 28 U.S.C. § 2201 and the Lanham Act, 15 U.S.C. § 1051 et seq.

15. Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

16. Wright is the owner of the trademark "Wonder Mike" when used in connection with entertainment services.

17. Wright has used the trademark "Wonder Mike" in connection with entertainment services for more than twenty five (25) years.

18. In connection with entertainment services, the relevant purchasing public associates "Wonder Mike" with Wright.

19. Upon information and belief, defendant Joseph Robinson, Jr., ("Robinson") alleges that he is a member of the Sugarhill Gang.

20. Upon information and belief, at concerts wherein Robinson performs, he lip synchs over the recordings of others, including the recordings of Wright, without informing the audience that he is doing so.

21. Upon information and belief, Robinson has been urging that he and others are the owners of and have the right to perform under the name "Wonder Mike".

22. Upon information and belief, with full knowledge of Wright's trademark rights, Robinson filed trademark application 78/623965 for the trademark "Wonder Mike" for use in connection with entertainment services.

23. A true and accurate copy of trademark application 78/623965 for the trademark "Wonder Mike" is attached hereto as *Exhibit 1*.

24. Upon information and belief, in connection with trademark application 78/623965, and in order to convince the United States Patent and Trademark Office (the "PTO") to allow his registration of the trademark, Robinson falsely alleged, under oath, that "Wonder Mike" does not refer to a living individual.

25. A true and accurate copy of Robinson's response is attached hereto as *Exhibit 2*.

26. Wright asserts that Robinson has no rights in and/or to the trademark "Wonder Mike".

27. By reason of Robinson's claims of trademark ownership and the denial of those claims as set forth herein, a justiciable controversy exists between Wright and Robinson with

respect to the ownership of the trademark "Wonder Mike".

SECOND CLAIM

LANHAM ACT

[JOSEPH ROBINSON, JR.]

28. To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

29. This cause of action arises under the under 28 U.S.C. § 2201 and the Lanham Act, 15 U.S.C. § 1051 et seq.

30. Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

31. O'Brien is the owner of the trademarks "Master Gee" and "Master G" when used in connection with entertainment services.

32. O'Brien has used the trademark "Master Gee" and "Master G" in connection with entertainment services for more than twenty five (25) years.

33. In connection with entertainment services, the relevant purchasing public associates "Master Gee" and "Master G" with O'Brien.

34. Upon information and belief, defendant Robinson alleges that he is a member of the Sugarhill Gang.

35. Upon information and belief, at concerts wherein Robinson performs, he lip synchs over the recordings of others, including the recordings of O'Brien, without informing the audience that he is doing so.

36. Upon information and belief, Robinson has been urging that he and others are the owners of and have the right to perform under the names "Master Gee" and "Master G".

37. Upon information and belief, with full knowledge of O'Brien's trademark rights, Robinson filed trademark application 78/623950 for the trademark "Master G" for use in

connection with entertainment services.

38. A true and accurate copy of trademark application 78/623950 for the trademark "Master G" is attached hereto as *Exhibit 3*.

39. Upon information and belief, in connection with trademark application 78/623950, and in order to convince the United States Patent and Trademark Office to allow his registration of the trademark, Robinson falsely alleged, under oath, that "Master G" does not refer to a living individual.

40. A true and accurate copy of Robinson's response is attached hereto as *Exhibit 4*.

41. Upon information and belief, in reliance on Robinson's false declaration, on or about July 15, 2006, the PTO allowed Robinson's application 78/623950 for "Master G" to proceed to publication.

42. A true and accurate copy of the PTO's notice is attached hereto as *Exhibit 5*.

43. Upon information and belief, with full knowledge of O'Brien's trademark rights, Robinson filed trademark application 78/623958 for the trademark "Master Gee" for use in connection with entertainment services.

44. A true and accurate copy of trademark application 78/623958 for the trademark "Master Gee" is attached hereto as *Exhibit 6*.

45. Upon information and belief, in connection with trademark application 78/623958, and in order to convince the United States Patent and Trademark Office to allow his registration of the trademark, Robinson falsely alleged, under oath, that "Master Gee" does not refer to a living individual.

46. A true and accurate copy of Robinson's response is attached hereto as *Exhibit 7*.

47. Upon information and belief, in reliance on Robinson's false declaration, on or about July 25, 2006, the PTO allowed Robinson's application 78/623958 for "Master Gee" to

proceed to publication.

48. A true and accurate copy of the PTO's notice is attached hereto as *Exhibit 8.*

49. O'Brien asserts that Robinson has no rights in and/or to the trademarks "Master G" and "Master Gee".

50. By reason of Robinson's claims of trademark ownership and the denial of those claims as set forth herein, a justiciable controversy exists between O'Brien and Robinson with respect to the ownership of the trademarks "Master G" and "Master Gee".

THIRD CLAIM

LANHAM ACT

[JOSEPH ROBINSON, JR.]

51. To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

52. This cause of action arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

53. Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331 and 1338.

54. Upon information and belief, Robinson has been performing with the trade name and/or compelling others to perform with the trade name "Wonder Mike".

55. Upon information and belief, Robinson has been performing with the trade name and/or compelling others to perform with the trade name "Master Gee".

56. Upon information and belief, Robinson has been performing with the trade name and/or compelling others to perform with the trade name "Master G".

57. Upon information and belief, Robinson's conduct has been in violation of plaintiffs' rights in and to their trademarks.

58. Upon information and belief, Robinson's conduct has resulted in significant consumer confusion.

59. Upon information and belief, Robinson's conduct has resulted in significant consumers believing that Robinson and or others operating at his direction, are plaintiffs.

60. Upon information and belief, Robinson's conduct has resulted in significant consumers believing that Robinson and or others operating at his direction, are affiliated with, or otherwise approved, endorsed and/or sponsored by plaintiffs.

61. Upon information and belief, Robinson is considered by many to be an inadequate performer.

62. Upon information and belief, Robinson deceives the audience into believing that he is performing when he is only "lip-synching".

63. Upon information and belief, audiences that see Robinson and/or others that are operating at his direction performing under the names "Master Gee" "Master G" and/or "Wonder Mike" believe that they are viewing an inferior product, because of the poor performances.

64. Upon information and belief, by his acts, Robinson is infringing plaintiffs' trademark and engaging in unfair competition, all in violation of 15 U.S.C. § 1125.

65. As a direct and proximate result of Robinson's objectionable and unlawful conduct, plaintiffs have been damaged in an amount to be determined at trial, but which is no less than a sum of $100,000.00.

FOURTH CLAIM

LANHAM ACT

[ALL DEFENDANTS]

66. To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

67. This cause of action arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

68. Plaintiffs have authored in whole or in part various musical compositions (the "Compositions") that have been embodied in sound recordings and exploited throughout the world through: (1) public performance; (2) the sale of musical devices, such as compact discs, cassettes, vinyl albums, MP3 and other formats; and (3) synchronized in timed relation in films, television shows and commercials.

69. Upon information and belief, Defendant Sugar Hill Music Publishing, Ltd. (the "Robinson Company") purports to either own or exclusively control the right to publish the Compositions. The Robinson Company is principally owned and operated by Sylvia Robinson and her son Joseph Robinson, Jr. Upon information and belief, the Robinson Company does business under multiple names, and shifts obligations and assets by and among a variety of related entities, all owned and/or controlled by Sylvia Robinson and Joseph Robinson, Jr., including without limitation: Sugarhill Music, Inc.; Sugarhill Music Publishing, Inc.; Sugar Hill Music Publishing, Ltd.; Sugar Hill Records, Ltd.; Sugar Hill Records, Inc.; Sugar Hill, Sylvia, Inc.; Twenty Nine Black Music; Gambi Music; Ben-Ghazi Enterprises, Inc.; Just Us Music; Just Us Four Music Company; Ghati Music, Inc.; Star and Music Solutions, LLC; IQ Music; and Diamond Head Music, Inc.

70. By virtue of acting as publisher, the Robinson Company is responsible for specifying the names of the writers that authored plaintiffs' Compositions in connection with sound recordings distributed to the public.

71. By virtue of acting as publisher, the Robinson Company is responsible for specifying the names of the writers that authored plaintiffs' Compositions in connection with the performance rights societies that collect and distribute income from the public performance of musical compositions.

72. Upon information and belief, the Robinson Company have themselves and/or induced others to falsely designate Sylvia Robinson and/or Joseph Robinson, Jr. as a writer of the Compositions authored by plaintiffs.

73. Defendants Rhino Entertainment Company ("Rhino") and The Sanctuary Group, PLC ("Sanctuary") have distributed to the public sound recordings embodying the Compositions authored by plaintiffs that that contain the false designation of Robinson as an author under license from Sugar Hill.

74. At all times mentioned herein, the Robinson Company knew that Sylvia Robinson did not author any of the words or music of the Compositions to which she has falsely been given authorship credit.

75. Rhino and Sanctuary knew or should have known that Sylvia Robinson did not author any of the words or music of the Compositions.

76. As a direct and proximate result of defendants' conduct, plaintiffs have been damaged by the loss of profits and goodwill attendant to authorship of successful compositions and income from performing rights societies which would have been paid to plaintiffs and not Robinson, had Sugar Hill not falsely designated her as a writer.

FIFTH CLAIM

RESCISSION

[SUGAR HILL]

77. To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

78. This cause of action arises under the laws of the state of California.

79. The Robinson Company claims to be plaintiffs' successor in interest to their copyright ownership of the Compositions pursuant to an alleged songwriter agreement with plaintiffs, under which the Robinson Company was obliged to periodically account and make royalty payments to plaintiffs.

80. Plaintiffs have never been parties to any agreement and/or contract under which the copyrights to their Compositions would be owned by the Robinson Company.

81. To the extent any purported songwriter agreement and/or any other contract exists, within the applicable limitations period, the Robinson Company has failed and refused and continues to fail and refuse to account to plaintiffs for any income derived thereunder or to tender any payments to plaintiffs from any of the Robinson Company's exploitation of the Compositions.

82. To the extent that any alleged songwriter agreement is authentic, valid and binding, plaintiffs elect to rescind it and/or any other agreement the Court finds to have been made (if any) pertaining to any of the Compositions and this pleading is notice thereof. Plaintiffs offer to restore to the Robinson Company everything of value they have allegedly received from the Robinson Company under the purported songwriter agreement and demand that the Robinson Company do likewise by restoring to them everything of value it has received.

83. Pursuant to Civil Code § 1692 plaintiffs are entitled to restoration of any copyright ownership transferred to Sugar Hill under any such agreement(s) and money owing as a consequence of such rescission, including any income received by defendants from the exploitation of plaintiffs' copyright interests.

## SIXTH CLAIM

## BREACH OF CONTRACT

## [SUGAR HILL]

84. To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

85. This cause of action arises under the laws of the State of California.

86. Within the applicable period of limitations Sugar Hill has breached any such music publishing agreements by failing to account to plaintiffs for all their writer royalties.

87. Plaintiffs have performed all conditions required of them under any such publishing agreement.

88. As a direct and proximate result of Sugar Hill's breaches, plaintiffs have been damaged in a sum in excess of $1,000,000.00.

89. Pursuant to Civil Code § 1692 plaintiffs seek confirmation of their rescission herein and pursue royalties under any such publishing agreements only in the event the Court declines to confirm their election to rescind.

SEVENTH CLAIM

RESCISSION

[RHINO & SANCTUARY]

90. To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

91. This cause of action arises under the laws of the State of California.

92. On or about August 25, 1979 plaintiffs signed a written contract with the Sylvia, Inc. ("Sylvia") as recording artists pursuant to which plaintiffs recorded various sound recordings and Sylvia was to account for and pay to plaintiffs royalties accrued to them from the exploitation of the same (the "Artist Agreement.")

93. Upon information and belief, defendants Rhino and Sanctuary are the successors to Sylvia's interests in and to the Artist Agreement, are the owners of plaintiffs' sound recordings, and are thereby obligated to pay to plaintiffs all sums owing to them under the Artist Agreement.

94. Within the applicable period of limitations Rhino and Sanctuary have failed and refused and continue to fail and refuse to account to plaintiffs for any income due them under the Artist Agreement or to tender any payments to plaintiffs and plaintiffs have never received any income from Rhino and Sanctuary's exploitation of plaintiffs' sound recordings.

95. Plaintiffs elect to rescind the Artist Agreement and this pleading is notice thereof. Plaintiffs offer to restore to defendants everything of value they have received from defendants under the agreement and demand that defendants do likewise by restoring to

them everything of value they have received.

96. Pursuant to Civil Code § 1692 plaintiffs are entitled to restoration of any copyright ownership transferred under the Artist Agreement and money owing as a consequence of such rescission, including any income received by defendants from the exploitation of plaintiffs' copyright interests.

EIGHTH CLAIM

BREACH OF CONTRACT

[RHINO and SANCTUARY]

97. To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

98. This cause of action arises under the laws of the State of California.

99. Within the applicable period of limitations, defendants Rhino and Sanctuary breached the Artist Agreement by failing to account to plaintiffs for all their artist royalties.

100. Plaintiffs have performed all conditions required of them under said Artist Agreement.

101. As a direct and proximate result of defendants' breaches, plaintiffs have been damaged in a sum in excess of $100,000.00.

102. Pursuant to Civil Code § 1692 plaintiffs herein seek to confirm their rescission of the Artist Agreement and pursue royalties thereunder only in the event the Court declines to confirm their rescission election.

NINTH CLAIM

UNFAIR BUSINESS PRACTICES

[RHINO]

103. To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

104. This cause of action arises under the laws of the State of California.

105. Pursuant to Code of Civil Procedure § 1540(a) plaintiffs are entitled to claim from the State Controller all royalties accrued to their benefit that shall have escheated to the State of California, pursuant to Code of Civil Procedure § 1520.

106. Plaintiffs are informed and believe that in excess $100,000.00 of royalties accrued to their accounts and have escheated to the State of California pursuant to the Unclaimed Property Law which Rhino has failed to pay to the State Controller, pursuant to Code of Civil Procedure §1530.

107. Rhino's wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiffs in that Rhino will continue to retain funds which have escheated to the State Controller, thereby preventing plaintiffs from reclaiming them from the State pursuant to Code of Civil Procedure §1540(a).

108. Plaintiffs have no adequate remedy at law for the injuries currently being suffered since the only remedy that would bring an end to Rhino's failure to pay the State Controller is injunctive relief and without such relief, plaintiffs will be unable to recover their escheated royalties from the Controller.

109. All such actions by defendant are inherently unfair business practices, that are proscribed by Business & Professions Code §17200 *et seq.* and unless and until restrained, defendants will continue to engage in same, injuring plaintiffs and the State Controller.

WHEREFORE, plaintiffs pray judgment against defendants and each of them as follows:

1. For damages in excess of $75,000.00;

2. For treble damages according to statute.

3. An injunction compelling Rhino to pay over to the State Controller all escheated funds;

5. An injunction compelling Sugar Hill to remove all listings of Robinson as a writer of any of plaintiffs' musical compositions that Robinson did not co-author in whole or in part from

all mechanical licenses it issued and from all performing rights society and sub--publisher indexes; prohibiting Sugar Hill from ever again listing Robinson as a co-writer of any of plaintiffs' musical compositions that Robinson did not author in whole or in part on any mechanical licenses or on the indexes of any performing rights societies or sub-publishers;

6. For a judicial declaration of rescission of every applicable agreement;
7. For an accounting of Sugar Hill's, Rhino's & Sanctuary's profits;
8. For a statutory award of reasonable attorneys' fees;
9. For costs of suit;
10. For such other relief as the Court may deem just;
11. Plaintiffs demand a trial by jury.

Dated: August 18, 2006

Respectfully submitted,

/s/

STEVEN AMES BROWN,
Attorney for plaintiffs